UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HARRISON, </br></br>   Plaintiff, </br></br> vs. </br></br> R. DIAZ, et al., </br></br>   Defendants | Case No. 1:13 cv 01335 LJO GSA PC </br></br> ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT </br></br> AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the R.J. Donovan Correctional Facility in San Diego, brings this civil rights action against defendant CDCR officials employed by the CDCR at Corcoran State Prison. The events at issue occurred while Plaintiff was housed at Corcoran. Plaintiff claims that he was subjected to conditions of confinement so inadequate that they violated the Eighth Amendment prohibition on cruel and unusual punishment. Plaintiff names the following individual defendants: Acting Wardens R. Diaz and K. Allison; Sergeant V. Black. Plaintiff's allegations stem from his temporary housing at Corcoran .

Plaintiff was housed in Corcoran's Receiving and Release housing from September 26, 2011, to October 5, 2011. Due to a lack of bed space at Corcoran, Plaintiff spent the entire time in holding cells. The holding cells were near a generator that "continuously stopped and started subjecting me to an inordinate amount of loud noise from the generator and people coming in and out all through the day and the night damaged my nervous condition of multifocal myoclonus seizures and exasperated my nervous condition to where I was a nervous wreck." Plaintiff alleges that he was denied his prescribed medication and "left to suffer." Plaintiff

contends that his Eighth Amendment rights were violated because he was not allowed to be housed in general population.

### A.     Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to Plaintiff.  Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The routine discomfort in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry.  "Those deprivations denying 'the minimal civilized measure of life's necessities are grave to form the basis of an Eighth Amendment violation.'"  Id. (quoting Rhodes v. Chapman,  452 U.S. 337, 347 (1981).  Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  "The circumstances, nature, and duration of a deprivation of one of these necessities must be considered in determining whether a constitutional violation has occurred.  The more basic the need, the shorter the time it can be withheld."  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

Here, Plaintiff has failed to allege any facts indicating that any of the individual defendants deprived Plaintiff of adequate food, shelter, sanitation or personal safety.  The gravamen of Plaintiff's complaint is that he was housed in a noisy holding cell as opposed to being housed on a regular yard as he requested.  That  officials knew of his request and denied it does not subject them to liability.  Plaintiff must allege facts establishing that officials were aware of a particular condition that violated the Eighth Amendment and acted with deliberate

indifference to that condition. An allegation that Plaintiff was temporarily housed in a noisy cell does not, of itself, state a claim for relief. This claim should therefore be dismissed.

**B.     Medical Condition**

Plaintiff refers to a medical condition and alleges that he was denied prescription medication. As with his conditions of confinement claim, Plaintiff must specifically allege facts indicating that each of the named defendants knew of and disregarded a serious medical condition of Plaintiff's. Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132. Plaintiff has failed to allege facts that satisfy this standard. A generalized allegation that Plaintiff did not get his medication is insufficient to state a claim for relief under the Eighth Amendment. Plaintiff must specifically charge each defendant with conduct establishing an Eighth Amendment violation. Plaintiff has failed to do so here.

**C.     Supervisory Defendants**

Plaintiff also names as defendants Acting Wardens Diaz and Sullivan. Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 673. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant

with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff has failed to do so here.

### III. Conclusion and Order

Here, the Court finds Plaintiff's allegations to be vague. Plaintiff sets forth a generalized allegation regarding her health care, and names 2 individual defendants. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended

5

complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim

IT IS SO ORDERED.

Dated: **July 17, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

7