# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. DIAZ, et al.,<br><br>　　　　Defendants. | Case No.  1:13-cv-01335-LJO-SAB-PC<br><br>FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO PROSECUTE<br><br>OBJEJCTIONS DUE IN THIRTY DAYS |

　　　　Plaintiff Rivera a former Stanislaus County Jail inmate appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.   This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

　　　　On September 23, 2015, an order sent to Plaintiff at his address of record was returned by the U.S. Postal Service as undeliverable.  Local Rule 183(b) requires a pro se Plaintiff to keep the court advised of his address of record.  A failure to follow the Local Rules is a ground for dismissal.  An order to show cause was entered on November 30, 2015, directing Plaintiff to show cause why this action should not be dismissed for his failure to comply with the Local Rules. (ECF No. 24.)  Plaintiff was specifically cautioned that his failure to file a response would result in dismissal of this action pursuant to Local Rule 110.  Plaintiff has not filed a response to the November 30, 2015, order to show cause.

　　　　The Court has the inherent power to control its docket and may, in the exercise of that

power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of the litigation; (2) the Court's need to manage its own docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006)(internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must met be met in order for a court to take action. Id. (citation omitted).

Accordingly, IT IS RECOMMENDED that this action be dismissed for Plaintiff's failure to obey a court order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan 158 F.3d 449, 455 (9th Cir. 1988). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 4, 2016**

UNITED STATES MAGISTRATE JUDGE