# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. DIAZ, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01335-LJO-SAB-PC<br><br>FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED AND THAT THIS ACTION COUNT AS A STRIKE UNDER 28 U.S.C. §1915(g).<br><br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302. Pending before the Court is the August 18, 2014, first amended complaint, filed in response to the July 17, 2014, order dismissing the original complaint and granting Plaintiff leave to file an amended complaint. (ECF No. 23.)

## I.

## PROCEDURAL HISTORY

Plaintiff is currently housed at Atascadero State Hospital. Plaintiff filed this action while he was an inmate in the custody of the California Department of Corrections and Rehabilitation

1

1  (CDCR) at Corcoran State Prison.  Plaintiff claimed that he was subjected to conditions of
2  confinement so inadequate that they violated the Eighth Amendment prohibition on cruel and
3  unusual punishment.  Plaintiff named as Defendants Acting Wardens R. Diaz and K. Allison, and
4  Sergeant Black.

5  Plaintiff alleged that he was housed in Corcoran's Receiving and Release unit from
6  September 26, 2011, to October 5, 2011.  Due to a lack of bed space at Corcoran, Plaintiff spent
7  the entire time in holding cells.  Plaintiff alleged that the holding cells were near a generator that
8  "continuously stopped and started subjecting me to an inordinate amount of loud noise from the
9  generator and people coming in and out all through the day and the night damaged my nervous
10 condition of myoclonus seizures and exasperated my nervous condition to where I was a nervous
11 wreck."  (Compl. ¶ 9.)    Plaintiff alleged that he was denied his medication and "left to suffer."
12 (Id.)    Plaintiff alleged that his Eighth Amendment rights were violated because he was not
13 allowed to be housed in general population.

14 In the order dismissing the original complaint, the Court analyzed Plaintiff's conditions
15 of confinement, medical care and supervisory liability claims.  The Court provided Plaintiff with
16 the appropriate legal standards, and advised Plaintiff that the complaint failed to state a claim
17 upon which relief could be granted.   The gravamen of Plaintiff's complaint was that he was
18 housed in a noisy holding cell as opposed to being housed on a regular yard as he requested.
19 Plaintiff was advised that the fact that officials knew of his request and denied it did not subject
20 them to liability.  Plaintiff was told that he must allege facts indicating that officials were aware
21 of a particular condition that violated the Eighth Amendment and acted with deliberate
22 indifference to that condition.  Plaintiff was specifically advised that an allegation that he was
23 temporarily housed in a noisy cell did not, of itself, state a claim for relief.

24 Regarding Plaintiff's medical care claim, Plaintiff was advised that a generalized
25 allegation that he did not get his medication was insufficient to state a claim for relief under the
26 Eighth Amendment.  Plaintiff failed to allege facts indicating that any of the named Defendants
27 knew of and disregarded an objectively serious medical condition of Plaintiff's.  Plaintiff also
28 failed to allege any facts indicating personal participation in the deprivation of Plaintiff's rights

by any of the supervisory Defendants.

## II.

## ANALYSIS

In the August 18, 2014, first amended complaint, Plaintiff names the same Defendants: Acting Warden R. Diaz; Acting Warden K. Allison; Sergeant V. Black.  Plaintiff re-states the allegations of the original complaint.  Plaintiff alleges that he was housed in Receiving and Release from September 26, 2011, to October 5, 2011, and "was forced by the defendants to stay in the holding cells the entire time subjected deliberately to loud noise which damaged my nervous condition of multifocal myoclonus seizures and exasperated my nervous condition to where I was a nervous wreck from all the repeated multifocal myoclonus seizures which all the defendants left me in the cell deliberately to suffer & gave me nothing but pain & suffering." (Am. Compl. ¶ 8.)  Plaintiff alleges that defendants knew there was a loud generator that would go on and off, and would "wake you up and keep you awake for days." (Id.)

Plaintiff alleges that Defendants Diaz and Allison had a policy of housing prisoners in Receiving and Release, knowing that Defendant Black "will take the prisoner off all medications and subject them to loud noise."  (Id.)   Plaintiff asserts conclusory allegations that Defendants knew of the conditions that Plaintiff was subjected to, and knew of the damage that it caused Plaintiff.

### A.  Conditions of Confinement

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)(quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002)(citation omitted)).  In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregarded that risk by

failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). "Public conceptions of decency inherent in the Eighth Amendment require that inmates be housed in an environment that, if not quiet, is at least reasonably free of excess noise." Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir. 1996)(amended by 135 F.3d 1318 (9th Cir. 1998).

Plaintiff's first amended complaint alleges, at most, that Plaintiff spent eleven days in receiving and release, where a loud generator would intermittently run. Such an allegation, with nothing more, fails to state a claim for relief. In order to hold Defendants liable, Plaintiff must allege some facts indicating an objectively serious condition that Defendants disregarded. That Plaintiff was unusually susceptible to loud noises does not subject Defendants to liability under the Eighth Amendment. Plaintiff does not allege facts indicating that Sergeant Black knew of a diagnosed medical condition of his, or that Plaintiff had any medical authorization or orders that prohibited him from being exposed to noisy conditions. That Plaintiff, in his view, did not belong in Receiving and Release and should be housed in general population does not subject Sergeant Black to liability for his refusal to grant Plaintiff's request. Plaintiff must allege facts from which "an inference could be drawn that a substantial risk of serious harm exists, and he [Sergeant Black] must draw the inference." Farmer, 511 U.S. at 837. Plaintiff has failed to do so here. Plaintiff's allegations indicate, at most, that Sergeant Black knew that Plaintiff, in his opinion, did not belong in Receiving and Release, and was susceptible to psychological harm from loud noises. Plaintiff has not alleged facts indicating that Sergeant Black was aware of an objectively serious harm to Plaintiff that he disregarded. Plaintiff's Eighth Amendment conditions of confinement claim should therefore be dismissed.

**B. Medical Care**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and

4

1  wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately
2  indifferent." Jett, 439 F.3d at 1096.  A defendant does not act in a deliberately indifferent
3  manner unless the defendant "knows of and disregards an excessive risk to inmate health or
4  safety." Farmer, 511 U.S. at 837.  "Deliberate indifference is a high legal standard," Simmons v.
5  Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051,
6  1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a
7  prisoner's pain or possible medical need" and the indifference caused harm.  Jett, 439 F.3d at
8  1096.

9  As with Plaintiff's conditions of confinement claim, he fails to allege facts indicating that
10 any of the Defendants knew of an objectively serious medical condition of Plaintiff's, and acted
11 with deliberate indifference to that condition.  That Plaintiff suffered psychological trauma
12 because of the generator and staff coming and going, does not subject Sergeant Black to liability.
13 Plaintiff has not alleged any facts suggesting that Sergeant Black knew of a condition diagnosed
14 by a medical professional that would cause Plaintiff psychological injury by being housed in
15 Receiving and Release.  Plaintiff does not allege that he had a medical authorization that
16 Sergeant Black knew of that authorized him to be housed in a unit without excessive noise.  That
17 Plaintiff was, in his view, susceptible to psychological harm from excess noise does not, of itself,
18 state a claim for relief.  Plaintiff must allege facts indicating that Sergeant Black was aware of an
19 objectively serious medical condition of Plaintiff's, and disregarded that condition.  Plaintiff has
20 failed to do so.  Plaintiff's medical care claim should therefore be dismissed.

21  **C. Supervisory Liability**

22  In the order dismissing the original complaint, Plaintiff was advised that government
23 officials may not be held liable for the actions of their subordinates under a theory of respondeat
24 superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  Since a government official cannot be
25 held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that
26 the official has violated the Constitution through his own individual actions.  Id. at 673.  In other
27 words, to state claim for relief under section 1983, Plaintiff must link Defendants Allison and
28 Diaz with some affirmative act or omission that demonstrates a violation of Plaintiff's federal

rights. Plaintiff alleges generally that they had a policy of housing inmates in Receiving and Release in a noisy area.

The Court finds these allegations to be vague. Plaintiff must allege facts indicating that Defendants personally participated in the deprivation at issue. A vague allegation that Defendants had a policy of housing inmates in Receiving and Release where it is noisy is insufficient to state a claim for relief. Plaintiff does not allege any facts suggesting that the Defendants were responsible for any specific policy or practice that subjected Plaintiff to a serious risk of harm. Defendants Allison and Diaz should therefore be dismissed.

### III.

### CONCLUSION AND RECOMMENDATION

For the reasons noted, Plaintiff's August 18, 2014, first amended complaint fails to state a claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for unconstitutional confinement or deliberate indifference to serious medical needs, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief could be granted, and this action count as a strike pursuant to 28 U.S.C. § 1915(g).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of Title 28 U.S.C. §636 (b)(1)(B). Within **thirty (30)** days after being served with these Finding and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to

1  Findings and Recommendations."  The parties are advised that failure to file objections within
2  the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v.</u> Wheeler, 772 F.2d
3  F.3d 834, 838-39 (9th Cir. 2014)(citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 8, 2016**

UNITED STATES MAGISTRATE JUDGE