# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. DIAZ, et al.,<br><br>　　　　Defendants. | Case No.  1:13-cv-01335-LJO-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RETURN FILING FEE<br><br>(ECF NO.33)<br><br>ORDER EXTENDING TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS<br><br>OBJECTIONS DUE IN<br>THIRTY DAYS |

　　　　Plaintiff Harrison is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

　　　　Plaintiff is currently housed at Atascadero State Hospital.  Plaintiff filed this action while he was an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison.  Plaintiff claimed that he was subjected to conditions of confinement so inadequate that they violated the Eighth Amendment prohibition on cruel and unusual punishment.

　　　　On December 1, 2015, an order to show cause was entered, directing Plaintiff to show cause why this action should not be dismissed for his failure to prosecute and to obey a court

1

1 order. (ECF No. 28.)   The Court noted that the order reassigning this case was returned by the
2 U.S. Postal Service as undeliverable, and the 63 day period set forth in Local Rule 183(b) had
3 passed, and Plaintiff had not filed a Notice of Change of Address.  Plaintiff failed to file a
4 response to the order to show cause and on January 4, 2016, findings and recommendations were
5 entered, recommending that this action be dismissed for Plaintiff's failure to prosecute and to
6 obey a court order. (ECF No. 29.)

7        On January 28, 2016, Plaintiff filed objections to the findings and recommendations and
8 a Notice of Change of Address.  (ECF No. 30.)  On February 9, 2016, an order was entered,
9 vacating the findings and recommendations that this action be dismissed for failure to prosecute.
10 (ECF No. 31.)  On the same date, findings and recommendations were entered, recommending
11 that this action be dismissed for failure to state a claim upon which relief can be granted.  The
12 Court found that the August 18, 2014, first amended complaint failed to allege facts sufficient to
13 state a claim for relief.  Plaintiff was granted thirty days from the date of service of the February
14 9, 2016, recommendations to file objections.  On February 11, 2016, Plaintiff filed a motion
15 titled as a motion to "stop litigation and return filing fee." (ECF No. 33.)  In his motion, Plaintiff
16 indicates that he is in a mental hospital, and does not have "the mental state to litigate this case
17 anymore." (ECF No. 33.)   On February 22, 2016, Plaintiff filed a document titled as a reply to
18 the order to show cause why this action should not be dismissed for failure to prosecute and to
19 obey a court order.   Plaintiff again indicates that he is not in a mental state to litigate this action.
20 Plaintiff specifically seeks  voluntary dismissal and return of the filing fee.

21        In an order entered on September 10, 2013, Plaintiff was denied leave to proceed in
22 forma pauperis on the ground that his inmate trust account indicated that he could afford the
23 costs of suit.  (ECF No. 9.)  Plaintiff submitted the $400 filing fee to the Court on March 11,
24 2014.  Plaintiff is advised that he was liable for the filing fee when the action was filed.  28
25 U.S.C. § 1914(a).  The fee is for the filing of a case, and not the resolution of a case.  There is no
26 authority for the refund of a filing fee should a plaintiff decide to dismiss an action once it has
27 been filed.  Plaintiff's motion for the return of the filing fee should therefore be denied.

28        Plaintiff is advised that he can dismiss this action, without prejudice, so long as no

defendant has entered an appearance. No defendant has been served, and no defendant has entered an appearance. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff may dismiss this case, without prejudice, by filing a Notice of Voluntary Dismissal. The Court will therefore provide Plaintiff with the opportunity to either dismiss this case without prejudice or file objections to the recommendation that this action be dismissed for failure to state a claim. Plaintiff is reminded that should he voluntarily dismiss this case, the filing fee will not be returned. Should Plaintiff fail to respond to this order within thirty days, the February 9, 2016, recommendation that this action be dismissed for failure to state a claim will be submitted to the District Court.

Accordingly, IT IS HEREBY ORDERED that:

1. The February 11, 2016, motion to return the filing fee is DENIED; and
2. Plaintiff is granted an extension of time of thirty days from the date of service of this order in which to file objections to the findings and recommendations or a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated:   **February 25, 2016**

UNITED STATES MAGISTRATE JUDGE